1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Charles Winston, Jr.,

            Plaintiff,

            v.

Air Truck Express, Inc., et al.,,

            Defendants.

Case No.: 2:13-cv-1167-JAD-GWF

**Order Denying Defendant's
Motion To Dismiss [Doc. 5]**

Delivery driver Charles Winston sues his former employer Air Truck Express, Inc. and D&N Delivery Corporation—the company that hired Air Truck to provide delivery drivers—seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Both companies now move to dismiss his claims: D&N argues that it bears no liability because it was not Winston's employer; and both defendants claim immunity under the Motor Carrier Exemption to the FLSA, which exempts motor carriers employing drivers who operate vehicles in interstate commerce from overtime-payment obligations. Having thoughtfully considered the parties' submissions, which include materials outside the pleadings, I convert the motion into one for summary judgment. I find that Winston has raised genuine issues of material fact regarding D&N's liability as a joint employer and the interstate-versus-intrastate nature of his employment such that a clear application of the Motor Carrier Exception is not currently possible, and I deny the motion.

## Discussion

**A.**     **Conversion of the Motion into One for Summary Judgment**

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and states, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[1]  A district court may dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).[2]  But in ruling on a 12(b)(6) motion, the court may not consider "matters outside the pleadings."[3]  If matters outside the pleadings are presented and considered, the motion is no longer viewed under Rule 12(b)(6); the court must consider the arguments under Rule 56's summary-judgment standards.[4]

Although labeled a "Motion to Dismiss," defendants' filing is better characterized as one for summary judgment.  It seeks to end this case not on the allegations in the pleadings but based on separate information offered by affidavit and extrinsic documentary evidence.  *See* Docs. 5-1–5-4.  Winston was notified that the court could convert the motion to one for summary judgment, and he has responded with his own affidavit and documents.  *See* Docs. 6, 8.[5]  Considering the nature of the defendants' arguments and both parties' submissions, the factual issues raised require me to look beyond the pleadings.[6]  I thus treat defendants' motion to dismiss (Doc. 5) as a motion for summary judgment.

**B.**    **Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7]  When

---

[1] Fed. R. Civ. Proc. 8(a).

[2] Fed. R. Civ. Proc. 12(b)(6).

[3] *Id.* at 12(d).

[4] *Id.*

[5] Winston received a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), which informed him that the motion could be converted into one for summary judgment and offered instructions for adequate response.  Doc. 6.  The *Klingele* notice provided Winston with the requisite opportunity to respond, satisfying Rule 12(d).

[6] *See, e.g.*, 46 Fed. Reg. 37,902; 49 C.F.R. § 390;  *Solis v. R.M. International, Inc.*, 2011 WL 1131439, at *4 (D. Or. Mar. 3, 2011).

[7] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

considering the propriety of a summary judgment motion, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[8]  If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[9]  The court need only consider properly authenticated, admissible evidence in deciding summary judgment,[10] although it may consider other record materials.[11]

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[12]  "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[13]  Rule 56(e)(2) states that "[i]f a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[14]

When summary judgment is sought against a *pro se* defendant, the court considers all of that party's contentions offered in motions and pleadings made on personal knowledge, setting forth facts that would be admissible as evidence, and made under penalty of perjury.[15]  Additionally, a *pro*

---

[8] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[9] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[10] *Bank of Am. v. Orr*, 285 F.3d 764, 773-74 (9th Cir. 2002).

[11] Fed. R. Civ. Proc. 56(c)(3).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[13] *Celotex*, 477 U.S. at 324.

[14] *Id.*

[15] *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted).

*se* defendant's filings and complaint are construed liberally.[16]

**C. Winston Has Raised Genuine Issues of Material Fact that Preclude Summary Judgment.**

***1. Defendants Are Not Entitled to Summary Judgment Based on the Motor Carrier Exemption to the FLSA.***

Defendants argue that their employment of drivers who operate vehicles in interstate commerce exempts them from overtime-pay obligations under the FLSA. Doc. 5 at 4. They characterize their shipments as overwhelmingly interstate (estimating that just 1/1000 deliveries is intrastate) and argue that "a substantial part of" Winston's "work involves driving a delivery truck that moves goods in interstate commerce." *Id*. Winston responds that his job was purely intrastate, that he was a "local pick-up and delivery driver," "100% of [his] transportation duties [we]re intrastate not interstate," and "the final rest destination" for his deliveries was always Nevada. Doc. 8. Defendants filed no reply.

Section 13(b)(1) of the FLSA provides an overtime exemption for certain motor-carrier employees under the authority of the Secretary of Transportation.[17] The Motor Carrier Exemption

---

[16] *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (courts must construe *pro se* motions and pleadings liberally); *accord*, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

I construe Winston's "Affidavit" (Doc. 8) as both his response to the motion to dismiss and an affidavit in support of that response. To be sure, the format of the document is less than ideal, but when liberally construing it, I find this signed, sworn, notarized document sufficient for consideration. Of course, I consider as evidence only the factual assertions in this document; the rest I treat as Winston's response argument.

I do not consider all of Winston's exhibits to his affidavit because some are not properly authenticated and lack the necessary evidentiary guarantees. *See Bank of Am. v. Orr*, 285 F.3d 764, 773-74 (9th Cir. 2002). Many of these exhibits are covered in hand-written notes, and all of the photographic images submitted are nearly incomprehensible. I decline to consider the apparent hand-written notes or the photographs. I also do not consider the DOT "fact sheet" that Winston offers. Although I may take judicial notice of materials on government websites, the authenticity of which is not contested, *see Daniels-Hall v. National Educational Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010), the "fact sheet" it is dated November 2009—three and a half years before this suit was filed—and I cannot confirm the origin of this document. I consider the rest of Winston's submissions.

[17] 29 U.S.C. § 213(b)(1). *See also* 49 U.S.C. § 31502(b). The Department of Transportation defines "motor carrier" as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). The definition of "person" includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. 1; 49 U.S.C. § 13102(18), whereas "transportation" includes "services related to that movement . . . of passengers and property." 49 U.S.C. § 13102(23).

1  ("MCE") is narrowly construed against employers and applies only to those falling "plainly and

2  unmistakably within [the] terms and spirit" of the exemption.[18]  "An employer who claims an

3  exemption from the FLSA has the burden of showing that the exemption applies"[19] and that the

4  Secretary of Transportation has jurisdiction.  "If jurisdiction is claimed over a driver who has not

5  driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate

6  commerce and that the driver could reasonably have been expected to make one of the carrier's

7  interstate runs.  Satisfactory evidence would be statements from drivers and carriers, and any

8  employment agreements."[20]

9          Numerous trial courts have evaluated the MCE on an employee-by-employee basis,[21] and

10  others have found that defendants "must demonstrate that (1) particular goods delivered by [a driver]

11  physically traveled in interstate commerce and (2) individual [drivers] participated in more than a *de*

12  *minimis* amount of interstate activity."[22]  Nevertheless, the MCE may be triggered if employees'

13  own activities, while entirely intrastate in nature, are connected to goods traveling in interstate

14  commerce because interstate commerce includes the in-state transportation of goods in the "practical

15  continuity of movement from the manufacturers or suppliers without the state, through [a]

16  warehouse and on to customers whose prior orders or contracts are being filled . . . ."[23]  A finding of

17  "practical continuity" depends upon the "essential nature" of the shipment, as determined by the

18  shipper's "fixed and persisting transportation intent" at the time of shipment,[24] as ascertained from

19

20

---

21          [18] *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 396 (1960).

22          [19] *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

23          [20] 46 Fed. Reg. 37,902; 49 C.F.R. § 390.

24          [21] *See, e.g.*, *Solis v. R.M. International, Inc.*, 2011 WL 1131439, at *4 (D. Or. Mar. 3, 2011).

25          [22] *Veliz v. Cintas Corp.*, 2009 WL 1107702, at *2 (N.D. Cal. Apr. 23, 2009).

26          [23] *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568-69 (1943); *see Klitzke v. Steiner Corp.*, 110
27  F.3d 1465, 1469 (9th Cir. 1997).  *See also Reich*, 33 F.3d at 1155 n.3 (citations omitted).

28          [24] *South Pacific Trans. Co. v. ICC*, 565 F.2d 615, 617 (9th Cir. 1977).

1  the facts and surrounding circumstances.[25]  This "practical continuity" exists only when the

2  individual employee can reasonably be expected to perform one of his shipments in interstate

3  commerce.[26]

4            Defendants have not carried their burden of showing that the MCE applies and relieved them

5  of their FLSA responsibility to pay Winston overtime.  Although the undisputed material facts

6  demonstrate that both Air Truck and D&N were motor carriers engaged in interstate transportation,

7  *see, e.g.*, Docs. 5-1, 5-2, and 5-3, defendants have not established that Winston has, would have, or

8  could have been expected to, make any interstate runs.  Darren Bresee vaguely affirms only that

9  Winston "performed his deliveries in the company's commercial fleet vehicles on the highways in

10  interstate commerce."  Doc. 5-1 at 5.  To refute this fact, Winston affirms that his deliveries were

11  exclusively intrastate, Doc. 8 at 2, and he submits three pay sheets from October 2011 that reflect he

12  made as many as 19 deliveries to airlines in one day, a feat that would defy the notion that any of his

13  runs were interstate.  *Id.* at 10.  Even if defendants' assertions about the generally interstate nature of

14  their business, Nevada's roads. and the products they deliver were enough to shift the burden to

15  Winston to come forward with genuine issues of fact, Winston has done so: his sworn statements

16  call into question the applicability of the MCE.  And defendants' failure to respond to Winston's

17  averments with any reply leaves these factual questions unsettled obstacles to summary judgment.

18  Accordingly, defendants have not demonstrated that they are entitled to summary judgment based on

19  an application of the MCE.

20

21            **2.      *Questions Regarding D&N's Liability under the FLSA Preclude its***
          ***Dismissal.***

22            Defendant D&N also asks to be dismissed as a defendant because "Plaintiff was exclusively

23  the employee of Air Truck Express, Inc. and was never an employee of D&N Delivery

24  Corporation."  Doc. 5 at 3.  Darren Bresee, the President of *both* Air Truck and D&N, avers that

25  Winston was "employed exclusively by Air Truck" and was "never employed by D&N."  Doc. 5-1

26  _____

27            [25] *Id.*

28            [26] *See* 46 FR 37902-02-03.

1  at 5.  He further attests that Winston "performed his deliveries in the company's commercial fleet

2  vehicles

3  . . . ."  *Id.*  Winston does not deny that he was employed by Air Truck, "to perform services for and

4  on behalf of" D&N.  Doc. 1-1 at 2.  Rather, he suggests that he should be deemed to be an employee

5  also of D&N because D&N received "100% of the monies for [his] services rendered," he wore a

6  "standard issue D&N Delivery Service uniform," his "work and T.S.A. Badge . . . are issued through

7  D&N," and he was fired by D&N's Operations Manager.  Doc. 8 at 2-3.

8       A defendant must be an "employer" of the plaintiff to incur FLSA liability.[27]  The FLSA

9  defines "employer" as "any person acting directly or indirectly in the interest of an employer in

10  relation to an employee."[28]  Whether an entity is an employer under the FLSA is a question of law.[29]

11  "[D]etermination of whether an employer-employee relationship exists does not depend on 'isolated

12  factors but rather upon the circumstances of the whole activity.'"[30]  "The touchstone is the economic

13  relationship."[31]  This "economic relationship" is analyzed through a number of factors, most

14  importantly "whether the alleged employer (1) had the power to hire and fire employees, (2)

15  supervised and controlled employee work schedules or conditions of payment, (3) determined the

16  rate and method of payment, and (4) maintained employment records."[32]

17       The evidence in this summary-judgment record is insufficiently developed for me to

18  determine conclusively whether D&N qualifies as an employer of Winston.  Although Winston

19  attaches paystubs that reflect Air Truck as his employer, and he admits in his complaint that he was

20  employed by Air Truck, Winston also attests—without any response by D&N—that his termination

---

[27] *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1468 (9th Cir. 1983), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985).

[28] 29 U.S.C. § 203(d).

[29] *Torres–López v. May*, 111 F.3d 633, 638 (9th Cir. 1997).

[30] *Bonnette,* 704 F.2d at 1469 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

[31] *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

[32] *Moreau v. Air France*, 356 F.3d 942, 946-47 (9th Cir. 2004); *Bonnette*, 704 F.2d at 1470.

was performed by a D&N employee, suggesting that it was D&N with the power to hire and fire him.  This evidence—construed in the light most favorable to Winston—creates a genuine issue of fact as to D&N's true role in Winston's employment and prevents me from dismissing D&N at this time.

**Conclusion**

Accordingly, for the foregoing reasons, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss **[Doc. 5] is DENIED**.

DATED: September 22, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE