UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charles Winston, Jr.,<br><br>    Plaintiff<br><br>v.<br><br>Air Truck Express, Inc., et al.,<br><br>    Defendants | 2:13-cv-01167-JAD-GWF<br><br>**Order Granting Motion for Summary Judgment and Closing Case**<br><br>[ECF 25] |

Delivery driver Charles Winston Jr., sues his former employer Air Truck Express, Inc. and D & N Delivery Corporation—the company that hired Air Truck to provide delivery drivers—seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Defendants move for summary judgment, arguing that they are exempt from paying Winston any overtime under the Motor Carrier Exemption to the FLSA.[1] Because defendants have met their burden of showing that the Motor Carrier Exemption shields them from overtime-pay liability, they are entitled to summary judgment on Winston's claim. Accordingly, I grant defendants' motion for summary judgment, enter judgment in their favor and against Winston, and close this case.[2]

**Background**

Winston alleges that he was employed by Air Truck as a local driver performing services for D & N Delivery Corporation.[3] Winston claims that he is entitled to overtime pay because he was employed to perform local deliveries only, thus excluding him from the exemption. Defendants argue that they are entitled to summary judgment under the exemption.[4] D & N also argues that it is

---

[1] ECF 25.

[2] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[3] ECF 1-1 at 2.

[4] ECF 25 at 7.

entitled to summary judgment because Winston was employed exclusively by Air Truck.[5]  I previously considered these arguments when I converted defendants' motion to dismiss into one for summary judgment.[6]  On the record then before me, I found that Winston had raised two genuine issues of material fact that precluded summary judgment: whether the exemption applies and whether D & N qualified as Winston's employer.[7]  The now-further-developed record leaves neither of these issues, so I grant summary judgment in defendants' favor.

## Discussion

### A.   Summary-Judgment Standards

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[9]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[10]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[11]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient

---

[5] *Id.*

[6] ECF 11 at 2.

[7] *Id.* at 4–8.

[8] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[9] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[10] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

evidentiary basis on which a reasonable fact finder could find in his favor.[12]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[13]

      Defendants offer the same exhibits that they attached to their earlier motion to dismiss[14] with one material addition: their requests for admissions, which are deemed admitted because Winston failed to answer them.[15]  Winston submits a new affidavit,[16] a "notice: reasons non-exempt,"[17] and "notice: pay schedule."[18]  For purposes of this motion, I consider all of defendants' exhibits, except the Department of Transportation Fact Sheet,[19] because it is not properly authenticated.  I consider Winston's earlier, sworn affidavit,[20] but none of the accompanying attachments because they are not properly authenticated.[21]  I do not consider Winston's newly-submitted affidavit because it is not made under penalty of perjury and it is not notarized.  I also decline to consider Winston's "notice: pay schedule" because it is not properly authenticated.  I treat Winston's "notice: reasons non-

---

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[13] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[14] *See* ECF 5-1, 25-1 (Darren Bresee Affidavit); ECF 5-2, 25-2 (Air Truck company snapshot); 5-3, 25-3 (D & N company snapshot); 5-4, 25-5 (DOT fact sheet).

[15] ECF 25-4.  FED. R. CIV. PROC. 36(a) (directing that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter .").  *See also Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242 (9th Cir. 1981) (stating that "[f]ailure to answer or object to proper request for admission is itself an admission.").

[16] ECF 31.

[17] ECF 29.

[18] ECF 30.

[19] ECF 25-5.

[20] ECF 8 at 1–4.

[21] *Id.* at 5–28.  Many of these exhibits are covered in hand-written notes, and all of the photographic images submitted are nearly incomprehensible.  I decline to consider the apparent hand-written notes or the photographs.  I also do not consider the DOT "fact sheet" that Winston offers because, like defendants' copy, it is not properly authenticated.

exempt" as part of his response argument.

**B.  Defendants are entitled to summary judgment based on the Motor Carrier Exemption to the FLSA.**

Defendants argue that, as employers of drivers who operate vehicles in interstate commerce, they are exempt from overtime pay. They characterize their shipments as overwhelmingly interstate.[22] Defendants point out that Winston has admitted—by failing to respond to their request for admissions—that: (1) his duties included performance of "safety affecting activities on a motor vehicle used in transportation on public highways in interstate commerce,"[23] (2) the goods he delivered had originated outside of the State of Nevada,[24] and (3) that he could have reasonably been expected to make an interstate journey.[25] Winston argues that the exemption does not apply because he only made intrastate deliveries, but the majority of his response is dedicated to refuting defendants' answer to the complaint.

Section 13(b)(1) of the FLSA provides an overtime exemption for certain motor-carrier employees under the authority of the Secretary of Transportation.[26] The Motor Carrier Exemption is narrowly construed against employers and applies only to those falling "plainly and unmistakably within [the] terms and spirit" of the exemption.[27] "An employer who claims an exemption from the

---

[22] ECF 25 at 10.

[23] ECF 25-4 at 4 (Request for Admission No. 10).

[24] *Id.* (Request for Admission No. 13).

[25] *Id.* (Request for Admission No. 16).

[26] 29 U.S.C. § 213(b)(1). *See also* 49 U.S.C. § 31502(b). The Department of Transportation defines "motor carrier" as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). The definition of "person" includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1; 49 U.S.C. § 13102(18), whereas "transportation" includes "services related to that movement . . . of passengers and property." 49 U.S.C. § 13102(23).

[27] *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 396 (1960).

FLSA has the burden of showing that the exemption applies"[28] and that the Secretary of Transportation has jurisdiction. "If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate commerce and that the driver could reasonably have been expected to make one of the carrier's interstate runs. Satisfactory evidence would be statements from drivers and carriers, and any employment agreements."[29]

Defendants have carried their burden to show that the exemption applies and that neither of them was required to pay Winston overtime under the FLSA. The undisputed material facts show that both Air Truck and D & N were motor carriers engaged in interstate transportation and that Winston could reasonably have been expected to make one of their interstate runs.[30]

I previously found that Darren Bresee's affidavit—which vaguely affirmed only that Winston "performed his deliveries in the company's commercial fleet vehicles on the highways in interstate commerce"[31]—was insufficient to warrant summary judgment in light of the rebuttal evidence offered by Winston: his sworn, generalized statements that his job was purely intrastate, that he was a "local pick-up and delivery driver," "100%" of [his] transportation duties [we]re intrastate not interstate," and "the final rest destination" for his deliveries was always Nevada.[32] But defendants now offer admissible and more specific evidence—Winston's own admissions (by default) that: (1) his duties included performance of "safety affecting activities on a motor vehicle used in transportation on public highways in interstate commerce,"[33] (2) the goods he delivered had

---

[28] *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

[29] 46 Fed. Reg. 37,902; 49 C.F.R. § 390.

[30] ECF 25-1, 25-2, 25-3.

[31] ECF 25-1 at 5.

[32] ECF 8.

[33] ECF 25-4 at 4 (Request for Admission No. 10).

originated outside of the State of Nevada,[34] and (3) that he could have reasonably been expected to make an interstate journey.[35]  Because the record now shows that defendants are motor carriers engaged in interstate commerce and that Winston could "reasonably be expected to perform one of his shipments in interstate commerce,"[36] I find defendants are entitled to summary judgment based on the Motor Carrier Exemption to the FLSA.  And because I find that Winston is an exempt employee, I need not determine if Winston was also an employee of D & N; the exemption shields both companies from liability for overtime-wage claims.

## Conclusion

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment **[ECF 25]** is **GRANTED.**  The Clerk of Court is instructed to **enter final judgment in favor of defendants and against plaintiff and CLOSE THIS CASE.**

Dated this 27th day of January, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[34] *Id.* (Request for Admission No. 13).

[35] *Id.* (Request for Admission No. 16).

[36] 46 FR 37902-02-03.